UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS BRADY RICHARDSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 1:13-0155 |
| v. | ) Senior Judge Haynes/Bryant |
| | ) **JURY DEMAND** |
| SHERIFF JIMMY BROWN, *et al.*, | ) |
| | ) |
| Defendants | ) |

**TO: THE HONORABLE WILLIAM J. HAYNES, JR.
SENIOR JUDGE**

### REPORT AND RECOMMENDATION

Defendants have filed their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting that there is no genuine issue as to any material fact and that the moving Defendants are entitled to judgment as a matter of law. Plaintiff Richardson has failed to respond in opposition to this motion, and the time within which he was obligated to do so has expired.

For the reasons stated below, the undersigned Magistrate Judge recommends that the Defendants' motion for summary judgement be granted and the complaint dismissed.

### STATE OF THE CASE

Plaintiff Thomas Brady Richardson, a prisoner proceeding *pro se* and *in forma pauperis*, has filed his civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs while

Plaintiff was confined in the Lawrence County jail in December 2013. Defendants filed an answer denying liability (Docket Entry No. 27), and they have now filed the pending motion for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine

2

issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## SUMMARY OF PERTINENT FACTS

Plaintiff Richardson in his complaint alleges that on two occasions, December 9 and December 10, 2013, he experienced high blood pressure while confined as a prisoner at the Lawrence County jail and that the Defendants denied him proper medical treatment. He further alleges that on December 9, 2013, he became dizzy and blacked out as a result of his high blood pressure and hit his head causing him to experience headaches (Docket Entry No. 1 at 6).

According to the affidavit of Defendant Jennifer Elam, a licensed Practical Nurse employed at the Lawrence County jail, Plaintiff Richardson approached Nurse Elam on the morning of Monday, December 9, 2013, and reported that he had high blood pressure readings over the weekend of December 7 and 8, 2013 (Docket Entry No. 36 at 2). Plaintiff Richardson had been provided

3

a blood pressure cuff and had been taking his blood pressure readings over the weekend. Nurse Elam reviewed the blood pressure readings taken by Plaintiff and took Plaintiff's blood pressure reading herself, which was recorded as 140/100 (Docket Entry No. 36 at 6).

Nurse Elam testified that at 9:30 a.m. on December 9, 2013, she placed a telephone call to One Stop Medical, which provided medical care by contract to the jail, and advised them of Plaintiff Richardson's blood pressure readings. At noon on December 9, Nurse Elam received a return call from One Stop Medical with orders to begin Plaintiff Richardson on 10 mg of Lisinopril daily, to monitor Mr. Richardson's blood pressure, and to send urine and blood specimens for lab testing. Nurse Elam gave Plaintiff Richardson his first dose of Lisinopril on December 9, and logged it into Plaintiff Richardson's medication administration record (Docket Entry No. 36 at 2 and 10). Thereafter Nurse Elam checked Plaintiff Richardson's blood pressure on December 10, 11, 12, 13 and 16, 2013 (*Id*.) Nurse Elam testified that Plaintiff Richardson's blood pressure responded well to the Lisinopril and his pressures steadily lowered.

Plaintiff Richardson was given Lisinopril daily until he was transferred from the jail on January 14, 2014. Nurse Elam

checked Richardson's blood pressure again on December 31, 2013, and it was within normal range at 122/88 (Docket Entry No. 36 at 3 and 11).

**ANALYSIS**

Under the Eighth Amendment, jail facilities are required to provide incarcerated persons access to medical care. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). When a prison official's inattention to a prisoner's serious medical need amounts to deliberate indifference, such indifference constitutes the "unnecessary and wanton infliction of pain" that is proscribed by the Eighth Amendment. *Id*. at 104. Deliberate indifference to a serious medical need must be shown by evidence demonstrating both an objective and subjective deprivation. The objective component requires that the inmate suffer from a sufficiently serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With regard to the subjective component, a plaintiff must establish facts which, if believed by a jury, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw such inference, and that he then disregarded that risk. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The undisputed evidence in this case shows that on December 9, 2013, when notified of Plaintiff's blood pressure

5

readings taken over the weekend a health care provider at One Stop Medical prescribed blood pressure medication for Plaintiff. This action suggests that Plaintiff's blood pressure readings were objectively "serious" enough to warrant medical treatment. Nevertheless, the undisputed evidence shows that Defendants were not unaware of Plaintiff's blood pressure readings until the morning of December 9, when Plaintiff showed his weekend records to Defendant Elam. Shortly thereafter on the morning of December 9, Defendant Elam contacted One Stop Medical, reported Plaintiff's blood pressure readings, obtained a prescription for blood pressure medication, and thereafter administered the first daily dose to Plaintiff Richardson on the afternoon of December 9.

The undersigned Magistrate Judge finds from this undisputed evidence that no reasonable finder of fact could conclude that Plaintiff Richardson has satisfied his burden of demonstrating a subjective deliberate indifference by Defendants to Richardson's serious medical needs. To the contrary, their undisputed record shows that Defendants initiated appropriate treatment of Plaintiff's high blood pressure within a very few hours after learning of its existence, and they continued such daily medication as long as Plaintiff was confined in the Lawrence County jail.

For the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law.

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Defendants' motion for summary judgment be granted and the complaint dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 19th day of January, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge